## MATTER OF KO

### In VISA PETITION Proceedings

#### A-13530858

*Decided by Regional Commissioner March 10, 1964*

Urgent need of beneficiary's services as a beauty operator is not established within the contemplation of section 203(a)(1), Immigration and Nationality Act, since the petitioning shop which has an average of 6 customers a day presently employs one full-time beauty operator, both petitioner and his wife are licensed operators and are available to work as the occasion demands, and the patron potential of the petitioning shop is limited in a town of 2,000 population which has 5 beauty salons.

This case is before the Regional Commissioner on appeal from decision of the District Director who denied the petition on the grounds that beneficiary's services were not urgently needed and did not meet first preference standards.

Petitioner is the owner and operator of a beauty shop in business since September 1962 in Archer, Texas, a town of about 2,000 population and having five beauty shops. Both the petitioner and his wife are licensed operators. One other operator who works on a commission basis is employed in the shop. The shop has an average of six patrons a day.

Beneficiary is a 40-year-old married female, a native and citizen of Taiwan, Republic of China. She presently resides with her husband and six children in Taipei, Taiwan.

Beneficiary will perform the regular duties of a beauty operator: shampoo, cut, set and style hair. Also color, tint, bleach and treat hair and do hand manicures and give scalp and facial treatments.

The "Worker Trait Requirements Handbook" published by the Bureau of Employment Security shows that it takes from one to two years of technical training to become proficient in the skills of a beauty operator. Assuming, but not conceding, that the duties to be performed meet first preference standards, an urgency for the services must still be established. The record shows that one full-time beauty

626

operator is presently employed by the petitioner. This operator works on a commission basis and averages $75 a week. The petitioner and his wife are both licensed operators but work only as the occasion demands. The petitioner has stated that both he and his wife are available when the need arises. The patron potential is limited in a town of 2,000 population which has five beauty salons as is indicated by the petitioner's statement that his shop has an average of six customers a day. The foregoing fails to indicate an urgent need of the beneficiary's services.

Section 203(a)(1) of the Immigration and Nationality Act provides that first preference classification may be granted to quota immigrants whose services are urgently needed in the United States because of high education, technical training, specialized experience or exceptional ability. Urgency of the services of the position not having been established, we must find that the denial of the petition by the District Director was proper. We will dismiss the appeal.

**ORDER:** It is ordered that the appeal be dismissed.